UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alonzo Dean Shephard,                          Case No. 3:15 CV 1356

        Plaintiff,                          JUDGE JAMES G. CARR

   v.

                               OPINION AND ORDER

Sgt. Morvzin, *et al.*,

        Defendants.

    *Pro se* Plaintiff Alonzo Dean Shephard filed the above-captioned action under 42 U.S.C. § 1983 against North Central Correctional Institution ("NCCI") Sergeant Morvzin, Ms. Desnin, Mrs. Emptage, Corrections Officer M. Turner, Warden Neil Turner, Deputy Warden Tigart Boyd, Chief Inspector Roger Wilson, Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, "Dave Marquarid & Mtc," Doctor Khun, and Nurse Dixson.  In the Complaint, Plaintiff alleges he suffers from a number of medical conditions and Defendants  denied him proper medical care, denied him use of the laundry room,tampered with his mail, damaged his property, and refused to assign him to a private cubicle.  He seeks monetary damages in the amount of three quadrillion dollars.

**I.  Background**

Plaintiff's Complaint is hand written and difficult at times to read.  Plaintiff contends he suffers from numerous physical ailments, including internal bleeding, intestinal and "rectal trouble," ulcers, inability to stand or walk, diabetes, multiple sclerosis, "heart trouble," "kidney trouble" and "bladder trouble."  He contends the ODRC issued a memo to settle one of his grievances, which allowed him to shower, wash his clothing, and to clean his 24 hour urinal from 4:00 a.m. until 6:00 a.m.  He contends he was using the shower when a Corrections Officer told him Sgt. Morvzin was there and he was overriding the memo.  Plaintiff was told to come out of the shower.  He indicates he had placed his stained clothing in the washer in the laundry room.  He claims Morvzin would not allow him to use the dryer and ordered him out of the room.  He indicates he was forced to wear wet clothing to return to his cell.

In addition, Plaintiff claims Dr. Khun, Nurse Dixson, Warden Turner, Emptage, Boyd, Officer Turner, and Desnin denied him medical treatment, medications, and tests.  He states they refused to write a medical excuse for two mattresses, and a prescription for "stomach medication," or a special diet.  He claims they tampered with his mail.  He states they damaged his property, including his guitar, radio, head phones, his flat screen television, and delayed or refused to fix it. He contends the Defendants would not provide him with a private cubicle.  He indicates they violated the Americans with Disabilities Act, and subjected him to racial discrimination.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Id*.

### III. Analysis

Plaintiff first claims he was denied proper medical care.  Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id*.  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice.  *Id*.  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id*. at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id*.  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has several claims under the Eighth Amendment.  First, he claims Morvzin refused to honor an agreement he had with the ODRC to allow him to shower and wash his clothes between 4:00 a.m. and 6:00 a.m., and made him return to his cell in wet clothes.  The ODRC Director and Chief Inspector appeared to be named as Defendants because they were involved in drafting the

agreement. Second, he contends in general terms that he was denied medical care, tests, and medications. That claim is asserted against Dr. Khun Nurse Dixson, Warden Turner, Emptage, Boyd, Officer Turner, and Desnin.

Plaintiff's first claim against Morvzin, as written, fails to satisfy the objective criterion of an Eighth Amendment claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Id*. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners cannot "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Plaintiff indicates Morvzin made him get out of the shower, would not allow him to finish his laundry, and made him return to his cell wearing wet clothing. Those actions do not rise to the level of Eighth Amendment violations. While this was undoubtedly an uncomfortable experience, it does not pose a significant risk to Plaintiff's health or safety.

-5-

Plaintiff asserts this same Eighth Amendment claim against ODRC Director and ODRC Chief Inspector, presumably because they had some role in drafting the settlement of his grievance. For the reasons stated above, this claim does not satisfy the objective component of an Eighth Amendment claim.  Furthermore, it also fails to satisfy the subjective component.

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's  health or safety.  *Wilson*, 501 U.S. at 302-03.  Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835.  An inmate must show that prison officials had "a sufficiently culpable state of mind" in carrying out the deprivation. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (quoting *Farmer*, 511 U.S. at 837).  Here, Plaintiff does not allege that either the ODRC Director or the ODRC Chief Inspector was aware of Sgt. Morvzin's actions and authorized them or directly participated in them. These claims do not meet the subjective criterion of an Eighth Amendment claim.

In his second Eighth Amendment claim, Plaintiff alleges he was denied proper medical treatment, denied medication, and denied tests.  He does not elaborate on that statement.  Prisoners are not entitled to unlimited access to the medical treatment of their choice and do not have an Eighth Amendment right to the medication of their choice. *See Hudson*, 503 U.S. at 9 (1992) (citing *Estelle*, 429 U.S. at 103-104).  Without additional facts to indicate what medical treatment was denied, what medication he believes he needs that he was denied and what tests he believes are required that were denied, there is no indication that Defendants violated his Eighth Amendment

-6-

rights.

Plaintiff also claims Defendants tampered with his mail, damaged his property, refused to provide him with a private cubicle, violated the Americans with Disabilities Act, and subjected him to racial discrimination.  All of these claims are stated solely as legal conclusions with no factual allegations to support them.  Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).   Furthermore, Plaintiff does not allege the behavior in which each Defendant engaged that would give rise to each claim.  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Absent factual allegations to support each cause of action, Plaintiff failed to state a claim upon which relief may be granted.

### IV.  Motions for Temporary Protection Orders

Plaintiff also filed two Motions for Temporary Protection Orders (Doc. Nos. 7 and 8).  These Motions are also hand-written and several pages are illegible.  He continues to assert the same general deprivations of medical care, claims the Defendants will not allow him privacy to urinate or dress, denied him access to the courts, caused him to be assaulted by their actions which he does not specify, retaliated against him for reporting threats to former Presidents Clinton and Bush, damaged personal property and refused to give him a private cubicle.  These claims are stated solely as legal conclusions.  Plaintiff does not allege any facts to support these claims.  The Motions are denied.

## V.  Conclusion

Accordingly, Plaintiff's Motions for Temporary Protection Orders (Doc. Nos. 7 and 8) are denied, and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

        S/James G. Carr
        JAMES G. CARR
        UNITED STATES DISTRICT JUDGE

---

[1]     28 U.S.C. § 1915(a)(3) provides:

>    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-8-